# RICHARD B. LIND
ATTORNEY AT LAW
880 THIRD AVENUE
13TH FLOOR
NEW YORK, N.Y. 10022

TELEPHONE (212) 888-7725
FACSIMILE (212) 371-2961
E-MAIL: rlind@lindlawyer.com
WEBSITE: www.richardlindlawyer.com

February 10, 2016

**_By ECF_**

Hon. Analisa Torres
United States District Judge
U.S. Courthouse
500 Pearl Street
New York, NY 10007

      Re:    United States v. Rashawn Davidson
                15 Cr. 310 (AT)

Dear Judge Torres:

      This letter responds to the government's letter dated February 5, 2016 ("Govt. Ltr." or "Letter"), in which it seeks (1) to limit defense cross-examination of Detective James Grzelak of the New York City Police Department ("NYPD") in the event he is called as a witness by either side; and (2) to preclude questioning of government witnesses NYPD officers Jeremiah Williams and Michael Whelan concerning certain disciplinary findings against them by the NYPD's Internal Affairs Bureau ("IAB") and the Civilian Complaint Review Board ("CCRB"). As we explain below, the government's application should be denied. The first argument is frivolous and warrants little argument. The government's second contention is also meritless.

      Defendant respectfully requests very brief oral argument both the hearing commences on both segments of the government's argument.

### A. Limitations on Cross-Examination of Detective Grzelak

      Several weeks ago, I requested that the government make Detective Grzelak available for the suppression hearing in the event that I wished to examine him, rather than bifurcate the hearing. My recollection is that AUSA Scotten hesitated. Accordingly, I caused a subpoena to be served on Detective Grzelak, returnable the date of the hearing.

RICHARD B. LIND

I have not decided whether I will call Detective Grzelak at the hearing. But, I have every confidence that in the event I do call him, this Court will make sure that my examination of the witness – as well as the government's – will be confined to appropriate bounds.[1]

### B. Defendant Is Plainly Entitled to Cross-Examine Officers Williams and Whelan About Previous Disciplinary Findings Against Them

#### 1. Applicable Law

The second prong of the government's motion seeks to preclude *any* cross-examination as to substantiated complaints against Officer Williams by the IAB and CCRB. As we explain in detail below, the government application should be denied.

The governing provision, Rule 608(b) of the Federal Rules of Evidence, provides in pertinent part:

> **(b) Specific Instances of Conduct.** Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be *inquired into* if they are *probative* of the *character for* truthfulness or *untruthfulness of:* **(1)** the witness....

Fed.R.Evid. R. 608(b)(emphasis added).

As the foregoing makes clear, "Rule 608(b) distinguishes between the *admissibility of extrinsic evidence* of specific instances of a witness's conduct and the permissibility of *inquiring into such instances* on cross-examination. While courts have discretion to permit inquiry into instances of conduct on cross-examination, they are categorically barred from admitting extrinsic evidence of such instances." *United States v. Nelson*, 365 F. Supp.2d 381, 386 (S.D.N.Y. 2005)(emphasis added). Nonetheless, although Rule 608(b) is intended to be restrictive, the Second Circuit has noted that "[w]ide latitude should be allowed ... when a government witness in a criminal case is being cross-examined by the defendant, and the trial judge's discretion 'cannot be expanded to justify a curtailment which keeps from the jury relevant and important facts bearing on the trustworthiness of crucial testimony.' " *United States v. Pedroza,* 750 F.2d 187, 195–196 (2d Cir. 1984) (quoting *Gordon v. United States,* 344 U.S. 414, 423 (1953)) (citations omitted);

---

[1] The government's assertion, that "[t]he information learned by Detective Grzelak after the date of the Complaint is *entirely consistent with (and indeed corroborates)* the account of Officers Williams and Whelan" (Govt. Ltr. 2, n.1), is clearly improper and we request that it be stricken.

2

The central inquiry under Rule 608(b) is whether any of "the incidents that gave rise to the CCRB complaints involve dishonest conduct bearing on [Officers Whalen and Williams's] character for truthfulness?" If the answer is "yes," then inquiry is permissible under Rule 608(b). *Gonzalez v. United States*, No. 12 Civ. 5226 (JSR), 2013 WL 5289793 at *13 (S.D.N.Y. Sept. 19, 2013); *compare, United States v. Barret*, No. 10 Cr. 809(S–4)(KAM), 2012 WL 194992, at *2–3 (E.D.N.Y. Jan. 23, 2012) (officer could not be cross-examined regarding conduct that gave rise to substantiated CCRB complaints because conduct did not bear on officer's credibility).

It is well-established that, despite its lack of formality, adverse CCRB findings against a NYPD police officer can be the basis for questioning under Rule 608(b) because "false statements may be the basis for questioning under Rule 608," even where the statements occur outside of a formal court proceeding. *See e.g. United States v. Kozlovski*, No. 10 Cr. 58(RRM), 2011 WL 4916915, at *2 (E.D.N.Y. Oct. 14, 2011) (permitting cross-examination regarding submission of false time sheets to employer) (citing *Hynes v. Coughlin*, 79 F.3d 285, 293–94 (2d Cir.1996) (cross-examination regarding witness's filing of false claim for workmen's compensation). In *Kozlovski*, the "Defendant argue[d] that 'fraudulent submissions of false time sheets ... goes to the heart of the witnesses' capacity for untruthfulness.' (Reply at 2.) The Court agree[d] with the defendant." *Id. See also United States v. Jones*, 900 F.2d 512, 520–21 (2d Cir.1990) (upholding trial court's decision to allow cross-examination regarding false statements on applications for employment, apartment, driver's license, loan, and membership in an association);

Chief Judge Preska's decision in *Rosales v. Kelly*, No. 07 Civ. 10554(LAP), 2011 WL 5873374, at *1 (S.D.N.Y. Nov. 14, 2011) is on point. In *Rosales*. the court assessed whether a correction officer could be cross-examined pursuant to Rule 608 regarding an unrelated disciplinary matter wherein the officer was accused of using force against an inmate and failing to report it as required. The court concluded that the officer's "use of force against an inmate [and] fail[ure] to report it as required, coupled with his apparent attempt to fabricate an alternative explanation for the inmate's alleged injuries—i.e., that the inmate tripped—suggest[ ] a dishonest character." *Id.* Finding that "the violation at issue sufficiently speaks to [the officer's] character for untruthfulness," the Court held that the officer could be cross-examined regarding the matter pursuant to Rule 608. *Id.* at *1–2; *accord, Gonzalez*, at *15 ("[A]s in *Rosales*, these CCRB records could have been a proper subject for cross-examination even in the absence of an official finding that Crowe lied to the CCRB"); *see also Redd v. New York State Div. of Parole*, 923 F.Supp.2d 393, 2013 WL 588233, at *8 (E.D.N.Y.2013) (allowing witness to be cross-examined under Rule 608(b) regarding filing of false police report even though witness's false report could have been due to mistake); *United States v. Bravo*, 808 F. Supp. 311, 321–22 (S.D.N.Y.1992) ("Rule 608 of the Federal Rules of Evidence allows impeachment of witnesses by evidence of specific instances of dishonesty regardless of whether there has been an official finding to that effect") (analyzing prior version of Rule 608).

The decisions cited by the government (Letter at 3-5) on this issue are readily distinguishable because none involved substantiated CCRB complaints that had any bearing on an officer's credibility or truthfulness. *See United States v. Nelson*, No. 10 Cr. 414 (PKC), 2011 WL 2207584, at *7 (S.D.N.Y., June 3, 2011)(court granted government's motion *in limine,* precluding cross-examination under Rule 608(b), because the allegations in the CCRB complaint, for use of abusive language "is of slight bearing on the bias and credibility of Officer Pietrowski"); *United States v. Polanco,* No. 10 Cr. 627 (RPP), 2011 WL 1795293, at *4 (S.D.N.Y. May 3, 2011) (where CCRB complaint did not allege that officer engaged in dishonest conduct, and CCRB did not make adverse credibility finding against officer, CCRB records had no bearing on officer's credibility and could not be used to impeach under Rule 608) (citing cases); *United States v. Laster,* 06 Cr. 1064, 2007 WL 2872678, at *2 (S.D.N.Y. Sept. 28, 2007)("Here, the allegations contained in the CCRB complaint, though substantiated, do not bear on McNamee's character for truthfulness. The CCRB complaint simply alleges that McNamee failed to obtain prompt medical attention for a DUI suspect more than three years prior to the events giving rise to the charges in the instant case, in an entirely unrelated matter. "); *United States v. Smith,* 06 Cr. 203, 2007 WL 188734, at *1 (S.D.N.Y. Jan. 24, 2007 (precluding cross-examination because CCRB findings were "only tangentially relevant at all"); *see also United States v. Lawes,* 292 F.3d 123, 131–32 (2d Cir. 2002) (affirming district court's decision to bar defense from cross-examining officer about a CCRB finding in an unrelated case that the officer used excessive force against an arrestee as it "provides nothing of value with respect to [the officer's] motivation to lie about the circumstances of appellant's arrest in the present case");

### 2. Discussion

In light of the applicable law, defendant should be entitled to cross-examine Officers Whelan and Williams as to some of the allegations of the substantiated CCRB Complaints and IAB Findings concerning officers Whelan and Williams.

#### a. Officer Whelan's Misconduct

As recounted in the Letter, at 5, in 2013,[2] officer Whelan participated in a traffic stop of a suspect ("Individual-2"). Eventually, Individual-2 and others brought a series of complaints against Whelan and other NYPD officers. The CCRB found those complaints substantiated as to Whelan, including an improper frisk, an unlawful stop, and officer Whelan's failure to make an entry in his memo book as required by NYPD procedure.

We submit that there is certainly one reason why the memo book entries are virtually non-existent. They reflect Whelan's -- and also Williams's -- *modus operandi*. Whelan's willful failure to make detailed entries of an important arrest, as required by the NYPD Patrol Guide ("P.G.") 212-08, afforded him the opportunity to maintain an historical blank slate and a future opportunity to fabricate his version of events when

---

[2] The Letter states the stop occurred in 2014 but it appears that it occurred in 2013.

RICHARD B. LIND

called to account. Accordingly, Whelan's failure to make complete entries in his memo book demonstrably reflects on his character for untruthfulness under Rule 608(b). Moreover, in the present case, Whelan also conspicuously failed to make complete entries in his memo book, see 3501-07, page 2, as we will make clear on cross-examination. That entry has only three lines about the activity involving the arrest of Davidson on March 25, 2015. Accordingly, defendant is plainly entitled to cross-examine him on this issue.[3]

### b. Officer Williams's Misconduct

The IAB determined that with regard to an unlawful search in 2007, in which officer Williams participated, he also willfully failed to complete an activity log. *See* 3502-07, p.10 ("This investigation has *clearly proven* that the subject officer failed to adhere to the provisions of the Patrol Guide…Activity Logs")(emphasis added). As with officer Whelan, this failure reflects on his character for untruthfulness and therefore renders it a valid subject for cross-examination under Rule 608(b).

In a separate incident involving Williams in 2007, the CCRB determined that he had improperly stopped and frisked an individual, and had plainly failed to complete a stop and frisk report (Form "UF-250") as required by P.G. 212-11. Indeed. when questioned about his patent failure to complete the report, "PO Williams replied, 'no reason.'" (3502-06, p. 11). This transgression also reflects on Williams's untruthfulness, because it was transparently an attempt to hide his improper conduct. Accordingly, we submit that defendant should be entitled to cross-examine Williams as to this subject.

### Conclusion

For the foregoing reasons, both prongs of the government's *in limine* motion should be denied.

Respectfully submitted,

Richard B. Lind

cc: AUSA Hagan Scotten

---

[3] *See Floyd v. City of New York*, 959 F. Supp.2d 540, 607 (S.D.N.Y. 2013)("The current UF-250, which has been in use since November 2002, does not require the officer to articulate in writing the facts justifying the stop. Instead, officers are directed to record the details of each stop in their memo books, also known as "activity logs")(footnotes omitted).

5